**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LESLIE A. DAVIS,

                     Plaintiff,

v.

MICHAEL DEFALCO,

                     Defendant.

Civil Action No. 14-1105 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

       This matter comes before the Court on Plaintiff Leslie A. Davis's ("Davis") motion for default judgment against Defendant Michael DeFalco ("DeFalco").[1]  Davis requests judgment against Defalco for presumed damages in the amount of $500 plus taxed costs and an injunction permanently enjoining Defalco from publishing defamatory material.

**I.    Background**

       Davis asserts that DeFalco published per se slanderous and libelous statements and remarks about her on various websites. (Compl. ¶ 1, ECF No. 1.)  Davis works as a controller for Jonsilver Auto Sales, LLC d/b/a Paramus Nissan ("Paramus Nissan"). (*Id.* ¶ 2.)  DeFalco worked as a sales representative at Paramus Nissan from May 20, 2013, until he was let go on December 3, 2013. (*Id.* ¶ 3.)  Davis alleges that, after his termination, DeFalco posted false, disgusting, and defamatory statements on Facebook attacking her personal and professional reputation. (*Id.* ¶ 9.)  Davis also claims these statements constitute tortious interference with her

---

[1] Davis specifies Rule 55(b)(1) of the Federal Rules of Civil Procedure as the basis for her motion.  The Court construes Davis's motion as one made pursuant to Rule 55(b) generally and decides the motion pursuant to Rule 55(b)(2).

prospective economic advantage. (*Id.* ¶ 20.) DeFalco has not answered or otherwise appeared in this matter. Davis now moves for default judgment against DeFalco. Davis requests a default judgment in her favor for $500 plus taxed costs and an injunction permanently enjoining DeFalco from publishing defamatory material.

## II.   Discussion

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default judgment against a party that has not appeared or defended claims asserted against it. A court may "enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "[T]he entry of a default judgment is left primarily to the discretion of the district court," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (internal citations omitted), but "default judgments are generally disfavored in our circuit." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008).

Prior to granting judgment or providing relief of any kind, the Court must first determine whether it has subject matter jurisdiction over the action. "[I]t is indeed axiomatic that, prior to entering default judgment, the Court must ensure that it has proper jurisdiction over the action . . . ." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). Davis brought suit in federal court claiming diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding $75,000. *Id.* Because Davis is a citizen of New York and DeFalco is a citizen of New Jersey, the Court finds complete diversity of citizenship between Davis and DeFalco. However, as Davis's motion

limits damages to $500 plus taxed costs, the Court must analyze whether or not Davis satisfies the requisite amount in controversy.

Generally, damages alleged in a complaint over $75,000 satisfy the amount in controversy requirement unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Accordingly, the party asserting jurisdiction carries the burden of showing that jurisdiction is proper throughout the litigation. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Davis concedes, in her motion, that only presumed damages in the amount of $500 are available based on the claims presented, and Plaintiff does not request compensatory damages in her complaint. (Pl.'s Br. 4, ECF No. 7-3; Compl. ¶¶ 18, 22.) Claims based on presumed damages are limited to a nominal amount. *NuWave Inv. Corp. v. Hyman Beck & Co., Inc.*, 432 N.J. Super. 539, 558 (2013). Davis's complaint also seeks punitive damages in excess of $75,000. (Compl. ¶¶ 18, 22.) A claim for punitive damages is not included when calculating the amount in controversy if punitive damages are not available as a matter of law. *Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir. 1968). The availability of punitive damages is a matter of state law, "which a federal court must resolve by reference to the law as set forth by the state's legislature." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Under New Jersey law, "punitive damages may be awarded only if compensatory damages have been awarded . . . ." N.J.S.A. 2A:15-5.13. Davis admits "[c]ompensatory damages are not available to the [P]laintiff since she has not produced any evidence of monetary or other losses t[o] her reputation." (Pl.'s Br. 4.) Likewise, Davis concedes punitive damages are not available. (*Id.*) Therefore, Davis's

admission satisfies the Court that, to a legal certainty, the requisite amount in controversy is not recoverable,[2] and the Court lacks subject matter jurisdiction over the case.

The Court concludes Davis's claim is for less than the jurisdictional amount required by 28 U.S.C. § 1332(a).  Accordingly, without considering the motion for default judgment, the Court must dismiss Davis's complaint for want of jurisdiction.

## III.   Conclusion

For the foregoing reasons, the Court dismisses Davis's complaint against DeFalco for lack of subject matter jurisdiction, and the Court denies as moot Davis's motion for default judgment.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: January 26, 2015

---

[2] In diversity suits seeking injunctive relief, courts determine the amount in controversy by the value of the rights which the plaintiff seeks to protect.  *Columbia Gas Trans. Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995).  Here, the value of Davis's right to enjoin DeFlaco from publishing defamatory material is speculative, and such speculation is insufficient to establish the amount in controversy requirement.  *Leonard Parness Trucking Corp. v. Omnipoint Commc'n, Inc.*, No. 13-4148, 2013 WL 6002900, at *6 (D.N.J. 2013); *see also Columbia Gas Trans. Corp. v. Tarbuck*, 62 F.3d at 543.